IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § | No. A-11-CR-259 (5) LY |
| | § | |
| SERVANDO GONZALEZ | § | |

**MOTION FOR DOWNWARD DEPARTURE (UNOPPOSED)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW SERVANDO GONZALEZ, and moves for downward departure and would show the Court as follows:

**I. FACTS**

The defendant moves for a downward departure under United States Sentencing Guidelines section 4A1.3. Defendant has a criminal history category of II, with 3 criminal history points.

All of his criminal history points come by virtue of a single plea of no contest to a DWI charge and resulting in probation. Defendant received the rather standard Travis County sentence of 18 months of probation for his first driving while intoxicated offense. Indeed, it is the only prior arrest he has at all. Gonzalez completed the probation without incident.

Ordinarily of course a probated sentence counts for only one criminal history point. However, during the probation, Gonzalez entered into the conspiracy with which he is charged. Therefore, under a technical reading of the guidelines, he did commit some portion of the instant offense while on community supervision for the DWI offense and for that reason receives two additional criminal history points, placing him in criminal history category II.

## II. ARGUMENT AND AUTHORITY

The Court has the discretion to depart downwards pursuant to U.S.S.G. § 4A1.3. Gonzalez's criminal history category of II significantly over-represents the seriousness of his criminal history.

Gonzalez's sole DWI prosecution, for which he successfully completed an uneventful short probation, does not indicate that he has a higher recidivism rate than other offenders with *de minimis* criminal history; *ie*, those in criminal history category I. Category I offenders may have 0 or 1 criminal history point. That means that they could receive a single DWI conviction as long as they received less than 60 days in jail. In Travis County the standard sentence for first time DWI prosecutions is a choice between 18 months or 10 to 20 days in jail. The short jail sentence is usually discharged by participation in a community service-for-jail program called SWAP (Sheriff's Weekend Alternative Program) involving physical labor at the jail on an intermittent basis rather than actual time spent in a jail cell. Most defendant do in fact opt for such a jail sentence rather than probation. Had Servando Gonzalez opted to take a 10 or 20 days jail sentence

he would have only 1 criminal history point. It does not make much sense to treat Gonzalez differently because he opted for probation instead of a nominal jail sentence. If anything, the fact that Gonzalez successfully completed a probationary sentence instead of "laying out" his sentence shows that he is **less** of a threat to the community. Higher risk offenders are much more likely to opt for the relatively easy option of sitting in jail for a few more days instead of taking alcohol classes, paying monthly supervision fees, performing court ordered community service, being supervised by a probation officer, and being subject to random testing for alcohol and drug use, all of which are standard components of a DWI probation, and all of which were successfully performed by Servando Gonzalez.

This motion makes a difference under the guidelines. If Gonzalez is sentenced as category II at level 13 (assuming the Court grants the Government's motion for a four level departure), then he will be in Zone D. If the Court grants this motion, though, he will be sentenced as a category I, level 13, and he will be in Zone C and thus eligible for a split sentence unavailable to him under Zone D.

The undersigned has discussed this motion with AUSA Dan Guess. The United States does not oppose this motion.

### III. CONCLUSION

Gonzalez respectfully requests that the Court grant the motion, and sentence him at a criminal history level I.

          Respectfully submitted,

          /s/ Viktor Olavson
          VIKTOR OLAVSON
          ORR & OLAVSON
          State Bar No. 15241775
          804 Rio Grande Street
          Austin, Texas 78701
          Telephone: (512) 472-8392
          Facsimile: (512) 473-8417

## CERTIFICATE OF SERVICE

  I hereby certify that on the 31st day of October, 2011, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court, using the CM/ECF System which will transmit notification of such filing to all counsel of record.

Dan Guess
AUSA
816 Congress Ave., Suite 1000
Austin, Texas 78701

          /s/ Viktor Olavson
          VIKTOR OLAVSON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § | No. A-11-CR-259 (5) LY |
| SERVANDO GONZALEZ | § § § | |

**O R D E R**

On this the ___ day of _____, 2011 came to be considered Defendant Gonzalez's Motion for Downward Departure under the United States Sentencing Guidelines section 4A1.3.

The Court GRANTS the motion, and Gonzalez will be sentenced at criminal history category I.

_____
UNITED STATES DISTRICT JUDGE